**WOLLMUTH MAHER & DEUTSCH LLP**

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

October 13, 2021

<u>VIA ECF/E-MAIL</u>

The Honorable Shelley C. Chapman, U.S.B.J.
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Lehman Brothers Holdings Inc. v. Wall Street Mortgage Bankers, Ltd.*, Adv. Pro. No. 18-01746

Dear Judge Chapman:

      We represent Lehman Brothers Holdings Inc. ("LBHI") and write to request permission to file a motion for sanctions under general order #M-452, this Court's ADR Orders,[1] and the Amended Case Management Order (Dkt. No. 825, § IX.A). As elaborated below, defendant Wall Street Mortgage Bankers, Ltd. ("Wall Street" or "Defendant") has failed to participate in Court ordered mediation in good faith, has engaged in a campaign of delay and obfuscation, and has wasted time and money and has frustrated the purpose of mediation by failing to prepare for the scheduled mediation and failing to comply with its promised settlement discussion procedure following the failed mediation. LBHI now seeks the Court's leave to move to seek sanctions against Wall Street following attempts to resolve the dispute without Court intervention to recover the costs and fees LBHI incurred in connection with the failed mediation.

      On October 27, 2018, LBHI filed an adversary complaint (the "Complaint") against Wall Street, seeking indemnification for liability it incurred to the trustees of hundreds of mortgage securitizations (the "RMBS Trustees"). LBHI began efforts to voluntarily settle the RMBS cases almost immediately after it filed the adversary complaints against all adversaries, including Wall Street.

      The alternative dispute resolution ("ADR") procedures entered by this Court in the ADR Orders have been a stunning success. To date, LBHI has successfully resolved over 90% of the active, coordinated cases pending before the Court and these cases represent over 95% of the damages sought. The Court's ADR Orders have been a key tool driving that result. In fact, the

---

[1] The Court's Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, dated July 18, 2014, was amended on November 14, 2018 [Dkt. No. 59085] (the "RMBS ADR Order"), January 14, 2019 [Dkt. No. 59387], and July 15, 2020 [Dkt. No. 60739], (as so amended, the "ADR Orders").

Plan Administrator and over 40 defendants have used the ADR procedures to resolve claims through voluntary settlement at or shortly following mediation without taking up the time and resources of the Court. Although not every mediation has resulted in settlement, even those that did not result immediately in settlement have often provided an opportunity for the parties to engage in open and frank discussions in good faith. Further, even the scheduling of mediations has at times been a compelling catalyst for LBHI and its counterparties to engage in meaningful settlement discussions. In short, although not every mediation has been simple, and not all have resulted in settlement, the fact that nearly all of LBHI's counterparties have participated in good faith has resulted in a tremendous benefit to all parties, including LBHI's creditors, the participating defendants, and the Court. Wall Street is an exception.

Following extensive discussions regarding the mediation process, logistics, and scheduling, the parties eventually met virtually with the mediator on June 23, 2021, for the scheduled mediation. At the mediation, Wall Street stated that it had not reviewed the loan files in advance of the mediation and requested that LBHI produce the files, which LBHI had already produced to Wall Street in multiple formats on multiple occasions. Despite this egregious lack of preparation, LBHI agreed to provide the loan files to Wall Street yet again. LBHI also agreed to keep its last-best-and-final offer open until the end of July so Wall Street could review the loan files and determine whether to accept LBHI's offer. At the end of that period, Wall Street asked for yet another extension, and LBHI agreed to keep the offer open yet another week. In August 2021, Wall Street agreed to certain procedures for moving settlement discussions forward. LBHI reiterated its previously communicated position that Wall Street did not mediate in good faith, and that if Wall Street did not engage in good faith, it would seek sanctions to recover its costs and fees related to the mediation.

Wall Street has failed to meet the obligations to which it agreed. LBHI has met and conferred with Wall Street, and Wall Street has refused to pay LBHI's costs and fees associated with the failed mediation. LBHI now seeks the Court's permission to file a motion to recover these costs and fees, and the costs and fees associated with the motion, under general order #M-452, this Court's ADR Order, and the Amended Case Management Order (Dkt. No. 825, § IX.A).

Respectfully submitted,

*/s/Brant Duncan Kuehn*
Brant Duncan Kuehn

cc: Counsel of Record