# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42ⁿᵈ Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

October 18, 2021

**_Via ECF Only_**
The Honorable United States Bankruptcy Judge Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:     *Lehman Brothers Holdings Inc. v. Wall Street Mortgage Bankers,* Ltd.,
        **Adv. Proc. No. 18-01746**

Dear Honorable Judge Chapman:

This law firm serves as counsel to Wall Street Mortgage Bankers, Ltd. ("WSMB") in the above-referenced adversary proceeding.

This letter serves as a response in opposition to the application of Lehman Brothers Holdings Inc. ("LBHI") dated October 13, 2021 [Dckt. No. 24] for permission to file a motion for sanctions based on WSMB's participation in the mediation process, pursuant to Amended Case Management Order. [Dckt. No. 825]. The application is factually and legally baseless.

While the virtual mediation was held nearly three (3) months ago, on June 23, 2021, LBHI is now seeking the Court's permission to file its application. The timing of WSMB's application is telling. The failure of the mediation had nothing at all to do with WSMB's preparation efforts and the failure to bridge the divide in settlement following the date of the mediation should not be blamed on WSMB either.

WSMB has spent an enormous amount of time, energy, and resources in the process that culminated in the mediation held on June 23, 2021 as well as the settlement process following the date of the mediation. Contrary to the allegations contained in LBHI's application, WSMB had reviewed thousands-and-thousands-of-pages of the loan files at issue before the mediation date. LBHI's assertions are factually incorrect.

Context is crucial here. At the mediation, WSMB's authorized representative complained about the sheer volume of the materials that needed to be reviewed, the format of the documents, the misfiling and mis-categorization of certain documents, and other issues concerning the production of the loan files at issue. In response to WSMB's complaint at the mediation, LBHI agreed to provide certain loan files to Wall Street in a "business friendly" format. The "business friendly" format of the loan documents were not materially different than the documents that WSMB had received in advance of the mediation. Regardless, the parties, thereafter, engaged and continued in settlement discussions outside of the mediation forum. Those efforts, too, have been unsuccessful (albeit productive on some levels), as of the date of this response.

As LBHI acknowledges, following the mediation date, the parties engaged in a protocol to facilitate settlement. As part of that process, WSMB has provided LBHI with written settlement

positions on nearly all the loans at issue. WSMB's efforts both in and out of the mediation process come nowhere close to the "bad faith" legal threshold for sanctions in the instant matter. WSMB's settlement efforts have been extensive.

While WSMB is hopeful that the instant adversary proceeding is resolved in order to avoid the needless incurrence of attorneys' fees, the briefing of a motion for sanctions based on LBHI's application hinders rather than facilitates the resolution of the instant adversary proceeding. Thus, it is respectfully request that the Court deny LBHI's application.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Joshua Levin-Epstein*
    Joshua D. Levin-Epstein, Esq.
    Levin-Epstein & Associates, P.C.
    60 East 42nd Street, Suite 4700
    New York, NY 10165
    Phone: (212) 792-0046
    Email: Joshua@levinepstein.com